## CALVIN BASSETT v. R. P. CAMP.*

*Statute of Frauds. Sale of property worth $40 or more in possession of Third Party.*

1. To make a valid sale of property, worth $40 or more, in the possession of a third party, there being nothing in the transaction but a verbal contract, such third party must agree to hold the property as the agent or bailee of the buyer.
2. Statute of Frauds,—Sale of property in possession of third party,—construed.

TRIAL by jury, September Term, 1880, Washington County Court, REDFIELD, J., presiding; verdict and judgment for the plaintiff. Action, general assumpsit to recover the sum of $146 for a quantity of hay, straw and grain, which the plaintiff claimed that he sold and delivered to the defendant. The plaintiff testified, substantially, as follows :

That one Merrill Eastman was indebted to him in a large sum ; that he brought a suit against him and attached the above described property ; that by the consent and agreement of the parties the same was sold on the writ ; that at said sale he bought the said property ; that a few days after said sale he, in company with the officer who made the sale, went to Eastman's to get said prop-

* Heard at the adjourned General Term, May, 1882.

erty; that said Eastman then told him if he would let the same remain he would get the defendant in this case to stand in for or become responsible to him for it; that on that assurance the plaintiff went away without taking any of said property with him, and leaving the same where it was at the time of the sheriff's sale; that in the course of a few days or weeks he saw the defendant in Barre village and asked him if he would stand in for the property which he (the plaintiff) had bought at Eastman's auction, that defendant replied that he would, and told the plaintiff to leave a bill at George W. Bassett's office in Barre, and when he (the defendant) came to Barre village he would go there and pay the plaintiff, or give his note for the same and leave it with the said George Bassett for plaintiff; that the defendant soon after called at said Bassett's office to see the account, but did not do anything further about it. This conversation was denied by the defendant.

There was evidence tending to prove that the defendant was, at the time he agreed to " stand in " for the said property, the owner of the stock on the farm where said Eastman lived and where said property was situate; that about that time he became the owner of said farm; that the property was fed out, or used, on said premises. But the exact relation between defendant and Eastman, as to carrying on said farm, was not particularly explained. The evidence also tended to prove that the defendant agreed to take the property where it was at the time plaintiff bid it in, at the price for which the plaintiff bid it in. All this evidence came from the plaintiff.

*J. A.* and *G. W. Wing*, for the defendant.

There was no delivery, no acceptance, no receipt, no valid sale of the hay, straw, &c. The Statute of Frauds is a bar to recovery. *Spencer* v. *Hall*, 30 Vt. 314, 428; *Gibbs* v. *Benjamin*, 45 Vt. 124; *Strong* v. *Dodds*, 47 Vt. 348; 28 Vt. 801; Parsons on Con. 39, 40, n.; Bl. Com. 2, 448; 21 Pick. 384; 5 Allen, 1; 118 Mass. 143; *Howe* v. *Palmer*, 3 B. & Ald. 321; 5 E. C. L. 303; 10 E. C. L. 138; *Bentall* v. *Burn*, 3 B. & C. 423; 39 N. Y. 275; 10 Reporter, 742; Benj. on Sales, p. 145, s. 156.

*George W. Bassett*, for the plaintiff.

Errors in the decision below must be shown, not presumed. 18 Vt. 23 ; 11 Ib. 35 ; 23 Ib. 328 ; 27 Ib. 410.

The Statute of Frauds is not a bar. 3 Vt. 290 ; 29 Ib. 169 ; 42 Ib. 56 ; 49 Ib. 512 ; Brayt. 216 ; 23 Vt. 265 ; 2 Aik. 115.

The opinion of the court was delivered by

ROWELL, J. It is contended on behalf of the defendant that the evidence did not support the charge. We have not examined very carefully to see whether this contention is well founded or not, because we are well persuaded that the exceptions do not disclose a sufficient acceptance and receipt of the property to take the case out of the Statute of Frauds.

All the cases agree that the receipt and acceptance of goods, to satisfy the terms of the statute, must be proved by clear and unequivocal acts on the part of the buyer. It was not sufficient in this case that the defendant purchased the property absolutely, and agreed to pay therefor a stipulated price, and to receive it where it was, and that plaintiff, relying thereon, forbore further care and control thereof.

At the time of the sale to defendant, the property was in the actual possession of Eastman, where plaintiff had permitted it to remain from the time he purchased it at sheriff's sale. There was testimony tending to show that at the time defendant purchased it he owned the stock on the farm where Eastman lived, and that about that time he became the owner of the farm, and that the property was used on the premises ; but it does not appear what the relations were between the defendant and Eastman, nor by whose. authority the property was used up. There is nothing to show that Eastman was in any sense the defendant's agent, so that his possession could be said to be the defendant's possession. For the purposes of this case, Eastman must be taken to be plaintiff's bailee, and his possession plaintiff's possession. Now, when the goods are in the possession of a third person at the time of sale, there must be an agreement by such third person to hold as the bailee of the buyer ; an attornment, so to speak, to him. In *Bentall* v. *Burn*, 3 B. & C. 423, a hogshead of wine

lying in the warehouse of the London Dock Co. was sold for £13, and a delivery order given to the vendee, but there was no contract in writing. The court said: " There could not have been any actual acceptance of the wine by the vendee until the dock company accepted the order for delivery, and thereby assented to hold the wine as the agents of the vendee. They held it, originally, as the agents of the vendors ; and as long as they continued so to hold it, the property was unchanged."

In *Farina* v. *Home*, 16 M. & W. 119, goods were shipped by the plaintiff from abroad to England, on the verbal order of the defendant, at a price exceeding £10. They were sent to plaintiff's shipping agent in London, who received them and warehoused them with a wharfinger, informing the defendant of their arrival. The wharfinger handed to the shipping agent a delivery warrant, whereby the goods were made deliverable to him or his assignees by indorsement, on payment of rents and charges. The agent indorsed and delivered said warrant to the defendant, who kept it several months, and, notwithstanding repeated applications, did not pay the price of the goods nor the charges thereon, nor return the warrant, but said he had sent it to his solicitor, and that he intended to resist payment, for that he had never ordered the goods, and that they would remain in bond for the present. PARKE, B., said : " This warrant is no more than an engagement by the wharfinger to deliver to the consignee or any one he may appoint, and the wharfinger holds the goods as the agent of the consignor, who is the vendor's agent, and his possession is that of the consignee until an assignment has taken place, and the wharfinger has attorned, so to speak, to the assignee, and agreed with him to hold for him. Then, and not till then, the wharfinger is the agent or bailee of the assignee, and his possession that of the assignee, and then only is there a constructive delivery to him."

No acts of the party sought to be charged are proved. We are presented with a naked verbal agreement. In order to satisfy the statute, when the property is not in the purchaser's possession, there must be something more than mere words. The purpose of the statute was to prevent frauds and perjuries ; but

if nothing more is required than mere words, how is that purpose to be effectuated ? Declarations as to acceptance and receipt in this case, constituted a part of the contract,'and are obnoxious to all the evils and every objection that it was the policy of the statute to provide against.

Judgment reversed, and cause remanded.